IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES TALBERT | : CIVIL ACTION |
| v. | : NO. 23-2255 |
| DEPARTMENT OF CORRECTIONS, MR. COOPER, MR. GARMAN, MR. GREEN, MR. PISTON, MS. JORDAN, MR. NESMITH, MR. BRUCE, MR. CASEY, MR. BEESLEY | : |

## ORDER

**AND NOW**, this 31st day of July 2023, having screened the incarcerated Plaintiff's pro se Complaint (ECF No. 1) consistent with Congress's mandate, finding he pleads sufficient facts to proceed on his Eighth and Fourteenth Amendment claims against certain identified state actors for specifically plead conduct, Americans with Disabilities Act claims against the Department of Corrections, and state law assault and battery claims, otherwise does not plead a fact basis for his remaining claims, and for reasons in today's accompanying Memorandum, it is **ORDERED**:

1. We **dismiss**:

    a. **with prejudice** all claims against Defendants in their official capacities;

    b. **without prejudice** Plaintiff's:

    i. First Amendment retaliation claims against Correctional Officers Casey, Beesley, Jordan, Nesmith, and Bruce; Dietician Cooper; Sergeants Green and Piston; Mail Inspector Long; Lieutenant Garman; Secretary George Little; Unit Manager Smith; Counselor Watkins; and Lieutenant McCain brought in their individual capacities;

        ii.    First Amendment freedom of speech claims against Lieutenant Garman, Sergeants Green and Piston; Correctional Officers Jordan, Nesmith and Bruce; and Mail Inspector Supervisor Long brought in their individual capacities;

        iii.    Americans with Disabilities Act claim against the Department of Corrections based on Plaintiff's digestive system disability;

        iv.    civil conspiracy claims against all Defendants;

        v.    claims against Secretary Little, Unit Manager Smith, Counselor Watkins, Mail Inspector Supervisor Long, and Lieutenant McCain;

2.    **We amend the caption** consistent with today's dismissal of Secretary Little, Unit Manager Smith, Counselor Watkins, Mail Inspector Supervisor Long, and Lieutenant McCain;

3.    We allow Plaintiff to proceed to serving the remaining state actors on his:

    a.    Eighth Amendment claims against Correctional Officers Casey and Beesley for spraying him with oleoresin capsicum; Sergeants Green and Piston and Correctional Officers Jordan, Nesmith, and Bruce for calling him a snitch; Lieutenant Garman, Sergeants Green and Piston, and Correctional Officers Jordan, Nesmith, and Bruce for depriving him of his dinner; and Dietician Cooper for discontinuing his prescribed medical diet brought against them in their individual capacities;

    b.    Fourteenth Amendment substantive due process claim along with state law claims for assault and battery against Correctional Officers Casey and Beesley in their individual capacities for allegedly spraying Plaintiff with oleoresin capsicum spray;

    c.    Americans with Disabilities Act claim against the Department of Corrections for discriminating against Plaintiff based on his alleged respiratory and circulatory disabilities;

4.    The Complaint (ECF No. 1) is **DEEMED** filed;

5.  The Clerk of Court shall:

   a.  **issue and mail summonses** to the Plaintiff for the Department of Corrections; Correctional Officer Casey, Correctional Officer Beesley, Correctional Officer Jordan, Correctional Officer Nesmith, Correctional Officer Bruce; Sergeant Green, Sergeant Piston; Lieutenant Garman; and, Dietician Cooper;

   b.  **provide** Plaintiff ten copies of the Complaint (ECF No. 1);

6.  Plaintiff must timely serve the summonses and copies of the Complaint (ECF No. 1) upon <u>each</u> of the ten remaining Defendants (with their full names as known to ensure service) consistent with Federal Rule of Civil Procedure 4;

7.  Plaintiff is solely responsible to request the Clerk of Court to issue an alias summons if he cannot timely affect service and failure to timely serve may require dismissal of his case for failure to timely prosecute;

8.  All parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery found at www.paed.uscourts.gov;

9.  All original pleadings and other papers are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy
> of the foregoing (name of pleading or other paper) has
> been served upon (name(s) of person(s) served) by

placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).

_____
(Signature)"

10. Requests for court action must be made by motion. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court and follow the Federal Rules of Civil Procedure, Local Rules, and our Policies;

11. The parties may not directly communicate with Judge Kearney unless permitted by our Policies. All relevant information and papers are to be directed to the Clerk of Court; and,

12. The parties shall promptly notify the Clerk's Office of an address change to ensure service of papers mindful it is the parties' obligation – not the Court's – to update addresses as failure to do so could result in Orders or other information not being timely delivered which could affect the parties' legal rights.

_____
KEARNEY, J.